UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARK L. CROSSLAND                                                                                     PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:12CV-P32-M

RANDY WHITE *et al.*                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark L. Crossland filed a *pro se* complaint (DN 1). Thereafter, he filed a notice (DN 8) providing supplemental facts that occurred since the filing of the complaint. The Court construes the notice as a motion to supplement the complaint (DN 8), which is **GRANTED**. This matter is before the Court on initial review of the complaint and supplement pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed, and others will continue for further development.

**I. SUMMARY OF CLAIMS**

Plaintiff filed a complaint on a 42 U.S.C. § 1983 form against the following Defendants at the Green River Correctional Complex (GRCC) in their individual and official capacities: Warden Randy White, Mailroom Supervisor Anetra Lovan, and Mailroom Clerk Eddie Davis. As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

Plaintiff claims that Defendants Lovan and Davis opened and screened "privileged mail/legal mail" outside of his presence. He reports that on June 9, 2011, he began corresponding with Kentucky General Assembly Speaker Yonts over "allegations of 'Racism and Deliberate Discrimination'" occurring at GRCC. Plaintiff claims that "[a]s complaints/ correspondence was being sent 'to and from' Frankfort, Ky. About Racism and Deliberate

Discrimination, the Institutional Mailroom Supervisor, Anetra Lovan began opening and screening the Petitioners incoming Privileged/Legal Mail."

When Plaintiff received the mail, he saw that Defendant Lovan had attached a Post-it Note to the mail stating an apology for the intrusion. The mail was delivered open and not signed for by Plaintiff as required by Corrections Policy and Procedure. He claims that his privileged/legal mail from various government officials began being opened outside his presence after he had filed a complaint against a GRCC resident psychological associate. He reports that Defendants Lovan and Davis repeatedly opened his privileged/legal mail outside of his presence from June through September 2011. Plaintiff complained to corrections staff but was told to file a grievance if he did not like it. Plaintiff filed a grievance through all steps of the administrative process on this issue. Defendants Lovan and Davis, however, continued to open and examine his privileged/legal mail. Plaintiff claims that Defendant White "was required to have each employee properly trained before and during placement to each position."

In the supplement, Plaintiff reports that mail from this Court was opened and screened at GRCC before being delivered to him. Plaintiff was transferred from GRCC sometime around March 2012.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Damages

##### 1. Official-capacity claims

The Court will dismiss these claims on two bases. First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, none of the Defendants sued in their official capacities for damages are

4

"persons" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

### 2. *Individual-capacity claims*

#### a. *White*

Plaintiff alleges that Defendant White "was required to have each employee properly trained before and during placement to each position." He, therefore, appears to seek to hold Defendant White liable based on his position as GRCC Warden. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff fails to allege that Defendant White was directly involved in any of the alleged mail opening and screening or retaliation. Because Plaintiff has failed to identify any active unconstitutional behavior on the part of Defendant White, he has failed to state a claim upon

which relief may be granted against Defendant White, warranting dismissal of the claims against him.

### b. *Mailroom Staff Lovan and Davis*

Upon consideration, the Court will allow Plaintiff's claims of privileged/legal mail opening and screening and retaliation to continue against Defendants Lovan and Davis in their individual capacities for damages.

### B. *Injunctive relief*

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff's is no longer incarcerated at GRCC. Thus, it is clear that Plaintiff would derive no benefit from granting the requested relief, and his claim for injunctive relief must be dismissed.

## IV.  ORDER

For the reasons set forth more fully above,

**IT IS ORDERED** that the official-capacity claims for damages against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief, respectively.

**IT IS FURTHER ORDERED** that the individual-capacity claims against Defendant White and the claim for injunctive relief against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because all claims against Defendant White are dismissed, the Clerk of Court is **DIRECTED to terminate Defendant White as a party to this action**.

The Court will enter a separate Scheduling Order to govern development of the continuing claims against Defendants Lovan and Davis.

Date: October 2, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005