UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARK L. CROSSLAND                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 4:12CV-32-M

RANDY WHITE *et al.*                                                 DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

Because Plaintiff had been released from incarceration, the Court entered an Order on January 16, 2013, directing Plaintiff either to 1) pay the $350.00 balance to the Clerk of Court; or 2) file a non-prisoner application to proceed without prepayment of fees.  The Court warned Plaintiff that failure to comply with the Order within 30 days from entry may result in dismissal of this action.  The 30 days have passed without any response by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan*, 951 F.2d at 110.

Plaintiff having failed to comply with an Order of this Court, the action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.005